MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 W. Charleston Blvd., #95
Las Vegas, NV 89102
(702) 870-8700
(702) 870-0034 Fax
mgliner@glinerlaw.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

RUSSELL T. PERRY,            )
                             )
    Plaintiff,              )
                             )
v.                           )   CASE NO.:
                             )
FIVE DIAMOND SCREENING, LLC, )   COMPLAINT
                             )
    Defendant.              )   JURY TRIAL DEMANDED
                             )
                             )

1. Plaintiff Russell T. Perry files this Complaint against Defendant Five Diamond Screening, LLC, and alleges, based on personal knowledge as to Defendant's actions and upon information and belief as to all other matters, as follows:

I. **JURISDICTION & VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district under 28 U.S.C. § 1391(b).

II. **PARTIES**

4. Plaintiff is an adult individual who resides in Nebraska.

1

5. At all times relevant hereto, Plaintiff has been a "consumer" as that term is defined by section 1681a(c) of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

6. Defendant is a Nevada limited liability company headquartered in Las Vegas, Nevada and it regularly conducts business in this district.

7. At all times pertinent hereto, Defendant has been a consumer reporting agency ("CRA") as defined by section 1681a(f) of the FCRA.

### III.   FACTUAL ALLEGATIONS

8. Congress passed the FCRA to protect consumers from the harm caused by inaccurate reporting. To this end, the FCRA requires that all consumer reporting agencies (CRAs) that report criminal background information to employers use "reasonable procedures to ensure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

9. The FCRA provides special protections when a CRA furnishes "items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment." 15 U.S.C. § 1681k. In these situations, CRAs must either: (1) notify the consumer of the release of the public record information at the time the information is furnished to the user; or (2) establish strict procedures to maintain complete and up-to-date public record information.

10. The FCRA also requires CRAs to exclude from reports adverse information, other than criminal convictions, that antedates the report by more than seven years. 15 U.S.C. § 1681c(a). This mandate is further cemented by the FCRA's requirement that CRAs use reasonable procedures to ensure they do not include outdated adverse information in their reports. 15 U.S.C. § 1681e(a).

11. Defendant violated Sections 1681e(b), 1681k, 1681c(a), and 1681e(a) of the FCRA when it published inaccurate and incomplete criminal record information, as well as obsolete non-conviction criminal record information, about Mr. Perry in an employment background report, including a criminal record from before Mr. Perry was even born. As a result of Defendant's inclusion of this information in a consumer report, Mr. Perry lost a job opportunity and suffered emotional distress.

12. In March 2022, Mr. Perry applied for a maintenance worker/engineer position with InterMountain Management d/b/a Staybridge Suites ("IMM").

13. As part of the application process, IMM purchased a consumer report on Mr. Perry from Defendant on or about March 22, 2022.

14. The consumer report was to be used for employment purposes.

15. Shortly thereafter, Defendant furnished its consumer report to IMM.

16. The consumer report that Defendant furnished to IMM was used or expected to be used or collected for the purpose of evaluating a consumer for employment purposes.

17. The consumer report that Defendant furnished to IMM contained public record information likely to have an adverse effect on Mr. Perry's ability to obtain employment

18. At the time it furnished the consumer report to IMM, Defendant did not notify Mr. Perry that public record information was being reported about him.

19. On or about March 28, 2022, IMM sent Mr. Perry a copy of Defendant's consumer report.

20. When Mr. Perry viewed the report, he was taken aback by the amount of inaccurate, incomplete and obsolete information that Defendant had reported.

21. Specifically, Defendant reported in its consumer report that Mr. Perry has an alias of "Russell Brown." This was false. Mr. Perry does not, and has never, gone by the name Russell Brown.

22. Defendant further reported that Mr. Perry, who allegedly had an alias of Russell Brown, had been found guilty of three felony charges: burglary, "possess controlled substance," and "Theft-rcv stolen prop $1,500-4,999."

23. These felony convictions do not belong to Mr. Perry.

24. Defendant should have known that these felony convictions do not belong to Mr. Perry, as the public court record shows that they belong to an individual named "Russell S. Brown" who has a birthday of 4/22/96. Defendant knew that Mr. Perry's middle initial was not "S" and that his birthday was not 4/22/96.

25. Even more egregious, Defendant reported that it had identified these felony records by "name, date of birth." This could not have been true, as Mr. Perry's name was not on the court records, and the court records contained a date of birth different from Mr. Perry's date of birth.

26. Additionally, even though Defendant reported that Mr. Perry had three felony convictions, it failed to include the sentencing details for the convictions, instead reporting "Sentence Comments: unspecified sentencing."

27. This information was not only inaccurate, but it was also incomplete.

28. Defendant also reported that that a case from the District Court of Douglas County with a filing date of 10/23/1986 belonged to Mr. Perry.

29. Defendant's reporting was inaccurate, as Mr. Perry has no criminal record from 1986. Nor could he. Mr. Perry was not born until 1993.

30. Defendant should have known that it could not report this obsolete record because it consisted of a charge that was more than seven years old.

31. Furthermore, Defendant's report was incomplete, as Defendant reported no crime, disposition, sentence, or any other information about the charge.

32. Because of Defendant's inclusion of this inaccurate, incomplete, and obsolete information in its consumer report, it labeled Mr. Perry as "does not meet hiring requirements."

33. Shortly after it received Defendant's consumer report, IMM told Mr. Perry that it would not hire him for the position because he did not pass the background check.

34. Once he learned of the inaccurate, incomplete, and obsolete information that Defendant had reported about him, Mr. Perry contacted Defendant to file a dispute.

35. Upon information and belief, Defendant conducted a reinvestigation into the disputed records once it received Mr. Perry's dispute.

36. After it completed its reinvestigation, upon information and belief, Defendant furnished an amended consumer report to IMM.

37. At that point, IMM emailed Mr. Perry and told him that Defendant "confirmed late last night the cases were not yours and they were able to remove them. The report has been updated this morning and I have re-reviewed the background. You are now a pass and I have sent notification to management with this update."

38. Once Mr. Perry received a copy of the amended report, he saw that Defendant had deleted from his report the alias of Russell Smith, the three erroneous and incomplete felony convictions, and the one erroneous, incomplete, and obsolete charge from before Mr. Perry was born.

39. Unfortunately for Mr. Perry, Defendant's corrections appear to have been too little, too late, as IMM has not responded to Mr. Perry's attempts to communicate with about starting the job.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

### (15 U.S.C. § 1681c)

40. Plaintiff realleges Paragraph Nos. 1-39 as if fully set forth herein.

41. The FCRA prohibits CRAs from reporting adverse information, other than records of convictions of crimes, that antedate the consumer report by more than seven years. 15 U.S.C. § 1681c.

42. Defendant violated Section 1681c by reporting non-conviction criminal record information about Plaintiff that antedated the report by more than seven years.

43. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

44. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

45. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

46. Defendant's violation of 15 U.S.C. § 1681c was willful, rendering it liable pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

47. As a result of this conduct by Defendant, Plaintiff suffered actual damages including without limitation, by example only and as described herein on his behalf by counsel:

loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

48. Additionally, Plaintiff is entitled to punitive damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, along with such other and further relief against Defendant as may be just and proper.

## SECOND CLAIM FOR RELIEF

### (15 U.S.C. § 1681e(a))

49. Plaintiff realleges Paragraph Nos. 1-39 as if fully set forth herein.

50. The FCRA requires CRAs to "maintain reasonable procedures designed to avoid violations of section 1681c." 15 U.S.C. § 1681e(a).

51. Defendant willfully violated Section 1681e(a) of the FCRA by failing to maintain reasonable procedures to avoid reporting obsolete adverse public record information about Plaintiff.

52. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

53. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

54. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

55. Defendant's violation of 15 U.S.C. § 1681e(a) was willful, rendering it liable pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

56. As a result of this conduct by Defendant, Plaintiff suffered actual damages including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

57. Additionally, Plaintiff is entitled to punitive damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, along with such other and further relief against Defendant as may be just and proper.

### THIRD CLAIM FOR RELIEF

### (15 U.S.C. § 1681e(b))

58. Plaintiff realleges Paragraph Nos. 1-39 as if fully set forth herein.

59. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report furnished regarding Plaintiff.

60. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

61. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

62. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

63. Defendant's violation of the FCRA was willful, rendering it liable pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

64. As a result of this conduct by Defendant, Plaintiff suffered actual damages including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

65. Additionally, Plaintiff is entitled to punitive damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, along with such other and further relief against Defendant as may be just and proper.

## FOURTH CLAIM FOR RELIEF

### (15 U.S.C. § 1681k)

66. Plaintiff realleges Paragraph Nos. 1-39 as if fully set forth herein.

67. Section 1681k of the FCRA requires that when a consumer reporting agency supplies public record information to a user for employment, and such information is likely to have an adverse effect on employment, the CRA must:

> (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.

68. Defendant violated 15 U.S.C. § 1681k by failing to notify Plaintiff it was reporting public record information about him and failing to maintain strict procedures to ensure that the public record information it was reporting was complete and up to date.

69. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

70. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

71. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

72. Defendant's violation of the FCRA was willful, rendering it liable pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

73. As a result of this conduct by Defendant, Plaintiff suffered actual damages including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

74. Additionally, Plaintiff is entitled to punitive damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, along with such other and further relief against Defendant as may be just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. An award of actual, statutory and punitive damages for Plaintiff;

B. An award of pre-judgment and post-judgment interest as provided by law;

C. An award of attorney's fees and costs; and

D. Such other relief as the Court deems just and proper.

## TRIAL BY JURY

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

DATE: May 27, 2022

**MITCHELL D. GLINER, ESQ.**

By: _____
MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 W. Charleston Blvd., #95
Las Vegas, NV  89102
T: 702.870.8700
F: 702.870.0034
mgliner@glinerlaw.com
Attorney for Plaintiff

**WEINER & SAND LLC**

Andrew L. Weiner*
800 Battery Avenue SE
Suite 100
Atlanta, GA 30339
T: 404.254.0842
F: 866.800.1482
E: aw@wsjustice.com
*Attorneys for Plaintiff*
*Will comply with LR IA 11-2 within 14 days