Michael C. Mills
Nevada Bar No. 3534
**BAUMAN LOEWE WITT & MAXWELL, PLLC**
3650 North Rancho Drive, Suite 114
Las Vegas, NV 89130
Tel: (702) 240-6060
Fax: (702) 240-4267
*Counsel for Defendant*
*Five Diamond Screening, LLC*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| RUSSELL T. PERRY,<br><br>        Plaintiff,<br><br>        v.<br><br>FIVE DIAMOND SCREENING, LLC.,<br><br>        Defendant. | **PRO SE**<br><br>Case No. 2:22-cv-00848-APG-BNW<br><br>**FIVE DIAMOND SCREENING, LLC'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT** |

Five Diamond Screening, LLC ("Five Diamond"), by and through its attorneys, and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint and asserts its affirmative and other defenses as follows:

**COMPLAINT ¶1:**

Plaintiff Russell T Perry files this Complaint against Defendant Five Diamond Screening, LLC, and alleges, based on personal knowledge as to Defendant's actions and upon information and belief as to all other matters, as follows:

**ANSWER:**

Five Diamond admits that Plaintiff purports to file his Complaint based on the allegations contained herein. Five Diamond denies the remaining allegations in Paragraph 1 of the Complaint, and specifically denies that it violated the FCRA, or any other law.

# I.   JURISDICTION & VENUE

**COMPLAINT ¶2:**

Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

**ANSWER:**

Five Diamond admits that jurisdiction is proper in this Court. Five Diamond denies any remaining allegations in Paragraph 2 of the Complaint.

**COMPLAINT ¶3:**

Venue lies properly in this district under 28 U.S.C. § 1391(b).

**ANSWER:**

Five Diamond admits that venue is proper in this Court. Five Diamond denies any remaining allegations in Paragraph 3 of the Complaint.

# II.   PARTIES

**COMPLAINT ¶4:**

Plaintiff is an adult individual who resides in Nebraska.

**ANSWER:**

Five Diamond admits that Plaintiff is an individual. Five Diamond lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 of the Complaint.

**COMPLAINT ¶5:**

At all times relevant hereto, Plaintiff has been a "consumer" as that term is defined by section 1681a(c) of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

**ANSWER:**

84769180v.2

Five Diamond admits that Plaintiff is a "consumer," as that term is defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(c). Five Diamond denies any remaining allegations in Paragraph 5 of the Complaint.

**COMPLAINT ¶6:**

Defendant is a Nevada limited liability company headquartered in Las Vegas, Nevada and it regularly conducts business in this district.

**ANSWER:**

Five Diamond admits that it is a Nevada limited liability company, headquartered in Las Vegas, Nevada, and regularly conducts business in this District. Five Diamond denies any remaining allegations in Paragraph 6 of the Complaint.

**COMPLAINT ¶7:**

At all times pertinent hereto, Defendant has been a consumer reporting agency ("CRA") as defined by section 1681a(f) of the FCRA.

**ANSWER:**

Five Diamond admits that it provides certain services as a "consumer reporting agency" as that phrase is defined by the FCRA. Five Diamond denies any remaining allegations in Paragraph 7 of the Complaint.

### III.   FACTUAL ALLEGATIONS

**COMPLAINT ¶8:**

Congress passed the FCRA to protect consumers from the harm caused by inaccurate reporting. To this end, the FCRA requires that all consumer reporting agencies (CRAs) that report criminal background information to employers use "reasonable procedures to ensure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

**ANSWER:**

Paragraph 8 consists of legal conclusions and a purported characterization of the cited statute and, therefore, no answer is required. To the extent an answer is required, Five Diamond admits that Plaintiff has quoted a portion of the FCRA. Five Diamond further admits that the FCRA

- 3 -

imposes certain reporting and investigation requirements. Five Diamond denies that it violated the FCRA and denies any remaining allegations in Paragraph 8 of the Complaint that are inconsistent with the FCRA.

**COMPLAINT ¶9:**

The FCRA provides special protections when a CRA furnishers "items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment." 15 U.S.C. § 1681k. In these situations, CRAs must either: (1) notify the consumer of the release of the public record information at the time the information is furnished to the user; or (2) establish strict procedures to maintain complete and up-to-date public record information.

**ANSWER:**

Paragraph 9 consists of legal conclusions and a purported characterization of the cited statute and, therefore, no answer is required. To the extent an answer is required, Five Diamond admits that Plaintiff has quoted a portion of the FCRA. Five Diamond further admits that the FCRA imposes certain reporting and investigation requirements. Five Diamond denies that it violated the FCRA and denies any remaining allegations in Paragraph 9 of the Complaint that are inconsistent with the FCRA.

**COMPLAINT ¶10:**

The FCRA also requires CRAs to exclude from reports adverse information, other than criminal convictions, that antedates the report by more than seven years. 15 U.S.C. § 1681c(a). This mandate is further cemented by the FCRA's requirement that CRAs use reasonable procedures to ensure they do not include outdated adverse information in their reports. 15 U.S.C. § 1681e(a).

**ANSWER:**

Paragraph 10 consists of legal conclusions and a purported characterization of the cited statute and, therefore, no answer is required. To the extent an answer is required, Five Diamond admits that the FCRA contains certain reporting and investigation requirements. Five Diamonds denies that it violated the FCRA and denies any remaining allegations in Paragraph 10 of the Complaint that are inconsistent with the FCRA.

84769180v.2

**COMPLAINT ¶11:**

Defendant violated Sections 1681e(b), 1681k, 1681c(a), and 1681e(a) of the FCRA when it published inaccurate and incomplete criminal record information, as well as obsolete non-conviction criminal record information, about Mr. Perry in an employment background report, including a criminal record from before Mr. Perry was even born. As a result of Defendant's inclusion of this information in a consumer report, Mr. Perry lost a job opportunity and suffered emotional distress.

**ANSWER ¶11:**

Five Diamond denies the allegations in Paragraph 11 of the Complaint.

**COMPLAINT ¶12:**

In March 2022, Mr. Perry applied for a maintenance worker/engineer position with InterMountain Management d/b/a Staybridge Suites ("IMM").

**ANSWER:**

Five Diamond lacks knowledge or information sufficient to from a belief as to the truth of the allegations in Paragraph 12 of the Complaint.

**COMPLAINT ¶13:**

As part of the application process, IMM purchased a consumer report on Mr. Perry from Defendant on or about March 22, 2022.

**ANSWER:**

Five Diamond admits that, on March 22, 2022, IMM ordered a consumer report regarding Plaintiff. Five Diamond denies any remaining allegations in Paragraph 13 of the Complaint.

**COMPLAINT ¶14:**

The consumer report was to be used for employment purposes.

**ANSWER:**

Five Diamond admits, on information and belief, the allegations in Paragraph 14 of the Complaint.

**COMPLAINT ¶15:**

Shortly thereafter, Defendant furnished its consumer report to IMM.

84769180v.2

**ANSWER:**

Five Diamond admits that, on March 22, 2022, it prepared a consumer report regarding Plaintiff and sent the report to IMM. Five Diamond denies any remaining allegations in Paragraph 15 of the Complaint.

**COMPLAINT ¶16:**

The consumer report that Defendant furnished to IMM was used or expected to be used or collected for the purpose of evaluating a consumer for employment purposes.

**ANSWER:**

Five Diamond admits, on information and belief, the allegations in Paragraph 16 of the Complaint.

**COMPLAINT ¶17:**

The consumer report that Defendant furnished to IMM contained public record information likely to have an adverse effect on Mr. Perry's ability to obtain employment.

**ANSWER:**

Five Diamond states that the referenced document is the best evidence of its contents and denies any allegations in Paragraph 17 of the Complaint that are inconsistent with the contents of the referenced document. Five Diamond denies any remaining allegations in Paragraph 17 of the Complaint.

**COMPLAINT ¶18:**

At the time it furnished the consumer report to IMM, Defendant did not notify Mr. Perry that public record information was being reported about him.

**ANSWER:**

Five Diamond denies the allegations in Paragraph 18 of the Complaint.

**COMPLAINT ¶19:**

On or about March 28, 2022, IMM sent Mr. Perry a copy of Defendant's consumer report.

84769180v.2

**ANSWER:**

Five Diamond admits, on information and belief, the allegations in Paragraph 19 of the Complaint.

**COMPLAINT ¶20:**

When Mr. Perry viewed the report, he was taken aback by the amount of inaccurate, incomplete and obsolete information that Defendant had reported.

**ANSWER:**

Five Diamond lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.

**COMPLAINT ¶21:**

Specifically, Defendant reported in its consumer report that Mr. Perry has an alias of "Russell Brown." This was false. Mr. Perry does not, and has never, gone by the name Russell Brown.

**ANSWER:**

Five Diamond states that the referenced document is the best evidence of its contents and denies any allegations in Paragraph 21 of the Complaint that are inconsistent with the contents of the referenced document. Five Diamond denies any remaining allegations in Paragraph 21 of the Complaint.

**COMPLAINT ¶22:**

Defendant further reported that Mr. Perry, who allegedly had an alias of Russell Brown, had been found guilty of three felony charges: burglary, "possess controlled substance," and "Theft-rev stolen prop $1,500-4,999."

**ANSWER:**

Five Diamond states that the referenced document is the best evidence of its contents and denies any allegations in Paragraph 22 of the Complaint that are inconsistent with the contents of the referenced document. Five Diamond denies any remaining allegations in Paragraph 22 of the Complaint.

84769180v.2

**COMPLAINT ¶23:**

These felony convictions do not belong to Mr. Perry.

**ANSWER:**

Five Diamond states that the referenced document is the best evidence of its contents and denies any allegations in Paragraph 23 of the Complaint that are inconsistent with the contents of the referenced document. Five Diamond denies any remaining allegations in Paragraph 23 of the Complaint.

**COMPLAINT ¶24:**

Defendant should have known that these felony convictions do not belong to Mr. Perry, as the public court record shows that they belong to an individual named "Russell S. Brown" who has a birthday of 4/22/96. Defendant knew that Mr. Perry's middle initial was not "S" and that his birthday was not 4/22/96.

**ANSWER:**

Five Diamond lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint.

**COMPLAINT ¶25:**

Even more egregious, Defendant reported that it had identified these felony records by "name, date of birth." This could not have been true, as Mr. Perry's name was not on the court records, and the court records contained a date of birth different from Mr. Perry's date of birth.

**ANSWER:**

Five Diamond states that the referenced document is the best evidence of its contents and denies any allegations in Paragraph 25 of the Complaint that are inconsistent with the contents of the referenced document. Five Diamond denies any remaining allegations in Paragraph 25 of the Complaint.

**COMPLAINT ¶26:**

Additionally, even though Defendant reported that Mr. Perry had three felony convictions, it failed to include the sentencing details for the convictions, instead reporting "Sentence Comments: unspecified sentencing."

84769180v.2

**ANSWER:**

Five Diamond states that the referenced document is the best evidence of its contents and denies any allegations in Paragraph 26 of the Complaint that are inconsistent with the contents of the referenced document. Five Diamond denies any remaining allegations in Paragraph 26 of the Complaint.

**COMPLAINT ¶27:**

This information was not only inaccurate, but it was also incomplete.

**ANSWER:**

Five Diamond states that the referenced document is the best evidence of its contents and denies any allegations in Paragraph 27 of the Complaint that are inconsistent with the contents of the referenced document. Five Diamond denies any remaining allegations in Paragraph 27 of the Complaint.

**COMPLAINT ¶28:**

Defendant also reported that that [sic] a case from the District Court of Douglas County with a filing date of 10/23/1986 belonged to Mr. Perry.

**ANSWER:**

Five Diamond states that the referenced document is the best evidence of its contents and denies any allegations in Paragraph 28 of the Complaint that are inconsistent with the contents of the referenced document. Five Diamond denies any remaining allegations in Paragraph 28 of the Complaint.

**COMPLAINT ¶29:**

Defendant's reporting was inaccurate, as Mr. Perry has no criminal record from 1986. Nor could he. Mr. Perry was not born until 1993.

**ANSWER:**

Five Diamond states that the referenced document is the best evidence of its contents and denies any allegations in Paragraph 29 of the Complaint that are inconsistent with the contents of

- 9 -

the referenced document.  Five Diamond is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29.

**COMPLAINT ¶30:**

Defendant should have known that it could not report this obsolete record because it consisted of a charge that was more than seven years old.

**ANSWER:**

Five Diamond denies the allegations in Paragraph 30 of the Complaint.

**COMPLAINT ¶31:**

Furthermore, Defendant's report was incomplete, as Defendant reported no crime, disposition, sentence, or any other information about the charge.

**ANSWER:**

Five Diamond denies the allegations in Paragraph 31 of the Complaint.

**COMPLAINT ¶32:**

Because of Defendant's inclusion of this inaccurate, incomplete, and obsolete information in its consumer report, it labeled Mr. Perry as "does not meet hiring requirements."

**ANSWER:**

Five Diamond denies the allegations in Paragraph 32 of the Complaint.

**COMPLAINT ¶33:**

Shortly after it received Defendant's consumer report, IMM told Mr. Perry that it would not hire him for the position because he did not pass the background check.

**ANSWER:**

Five Diamond lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint.

**COMPLAINT ¶34:**

Once he learned of the inaccurate, incomplete, and obsolete information the Defendant had reported about him, Mr. Perry contacted Defendant to file a dispute.

84769180v.2

1

**ANSWER:**

2

3

Five Diamond admits that Plaintiff contacted it regarding the consumer report it prepared about him. Five Diamond denies any remaining allegations in Paragraph 34 of the Complaint.

4

**COM PLAINT ¶35:**

5

6

Upon information and belief, Defendant conducted a reinvestigation into the disputed records once it received Mr. Perry's dispute.

7

**ANSWER:**

8

9

10

Five Diamond admits that, in compliance with § 1681i, it completed a reinvestigation in response to Plaintiff's dispute. Five Diamond denies any remaining allegations in Paragraph 35 of the Complaint.

11

12

**COMPLAINT ¶36:**

13

After it completed its reinvestigation, upon information and belief, Defendant furnished an amended consumer report to IMM.

14

**ANSWER:**

15

16

17

Five Diamond admits that, upon completion of its reinvestigation, a revised consumer report regarding Plaintiff was sent to IMM. Five Diamond denies any remaining allegations in Paragraph 36 of the Complaint.

18

19

**COMPLAINT ¶37:**

20

21

At that point, IMM emailed Mr. Perry and told him that Defendant "confirmed late last night the cases were not yours and they were able to remove them. The report has been updated this morning and I have re-reviewed the background. You are now a pass and I have sent notification to management with this update.

22

23

**ANSWER:**

24

25

Five Diamond lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint.

26

**COMPLAINT ¶38:**

27

28

Once Mr. Perry received a copy of the amended report, he saw that Defendant had deleted from his report the alias of Russell Smith, the three erroneous and incomplete felony convictions, and the one erroneous, incomplete, and obsolete charge from before Mr. Perry was born.

84769180v.2

**ANSWER:**

Five Diamond admits that the referenced report is the best evidence of its contents and denies any allegations in Paragraph 38 of the Complaint that are inconsistent with the contents of the cited report. Five Diamond denies any remaining allegations in Paragraph 38 of the Complaint.

**COMPLAINT ¶39:**

Unfortunately for Mr. Perry, Defendant's corrections appear to have been too little, too late, as IMM has not responded to Mr. Perry's attempts to communicate with about starting the job.

**ANSWER:**

Five Diamond denies the allegations in Paragraph 39 of the Complaint.

**CAUSES OF ACTION**

**FIRST CLAIM FOR RELIEF**

**(15 U.S.C. § 1681c)**

**COMPLAINT ¶40:**

Plaintiff realleges Paragraph Nos. 1-39 as if fully set forth herein.

**ANSWER:**

Five Diamond restates its answers to Paragraphs 1 through 39 as its answer to Paragraph 40 of the Complaint.

**COMPLAINT ¶41:**

The FCRA prohibits CRAs from reporting adverse information, other than records of convictions of crimes, that antedate the consumer report by more than seven years. 15 U.S.C. § 1681c.

**ANSWER:**

Paragraph 41 consists of legal conclusions and a purported characterization of the cited statute and, therefore, no answer is required.  To the extent an answer is required, Five Diamond admits that the FCRA imposes certain reporting and investigation requirements. Five Diamond denies violating the FCRA and denies any remaining allegations in Paragraph 41 of the Complaint.

84769180v.2

**COMPLAINT ¶42:**

Defendant violated Section 1681c by reporting non-conviction criminal record information about Plaintiff that antedated the report by more than seven years.

**ANSWER:**

Five Diamond denies the allegations in Paragraph 42 of the Complaint.

**COMPLAINT ¶43:**

Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

**ANSWER:**

Five Diamond admits that the FCRA imposes certain reporting and investigation requirements and that it is aware of those obligations that apply to it. Five Diamond denies violating the FCRA. Five Diamond denies any remaining allegations in Paragraph 43 of the Complaint.

**COMPLAINT ¶44:**

Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

**ANSWER:**

Five Diamond admits that the FCRA imposes certain reporting and investigation requirements and that it is aware of those obligations that apply to it. Five Diamond denies violating the FCRA. Five Diamond denies any remaining allegations in Paragraph 44 of the Complaint.

**COMPLAINT ¶45:**

Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

**ANSWER:**

Five Diamond denies the allegations in Paragraph 45 of the Complaint.

**COMPLAINT ¶46:**

Defendant's violation of 15 U.S.C. § 1681c was willful, rendering it liable pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

84769180v.2

**ANSWER:**

Five Diamond denies the allegations in Paragraph 46 of the Complaint.

**COMPLAINT ¶47:**

As a result of this conduct by Defendant, Plaintiff suffered actual damages including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

**ANSWER:**

Five Diamond denies the allegations in Paragraph 47 of the Complaint.

**COMPLAINT ¶48:**

Additionally, Plaintiff is entitled to punitive damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, along with such other and further relief against Defendant as may be just and proper.

**ANSWER:**

Five Diamond denies the allegations in Paragraph 47 of the Complaint.

**SECOND CLAIM FOR RELIEF**

**(15 U.S.C. § 1681e(a))**

**COMPLAINT ¶49:**

Plaintiff realleges Paragraph Nos. 1-39 as if fully set forth herein.

**ANSWER:**

Five Diamond restates its answers to Paragraphs 1 through 39 as its answer to Paragraph 49 of the Complaint.

**COMPLAINT ¶50:**

The FCRA requires CRAs to "maintain reasonable procedures designed to avoid violations of section 1681c." 15 U.S.C. § 1681e(a).

84769180v.2

**ANSWER:**

Paragraph 50 consists of legal conclusions and an incomplete quotation of the cited statute and, therefore, no answer is required.  To the extent an answer is required, Five Diamond admits that Plaintiff has quoted a portion of the FCRA. Five Diamond further admits that the FCRA imposes certain reporting and investigation requirements. Five Diamond denies violating the FCRA and denies any remaining allegations in Paragraph 50 of the Complaint.

**COMPLAINT ¶51:**

Defendant willfully violated Section 1681e(a) of the FCRA by failing to maintain reasonable procedures to avoid reporting obsolete adverse public record information about Plaintiff.

**ANSWER:**

Five Diamond denies the allegations in Paragraph 51 of the Complaint.

**COMPLAINT ¶52:**

Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

**ANSWER:**

Five Diamond admits that the FCRA imposes certain reporting and investigation requirements and admits that it is aware of those obligations that apply to it. Five Diamond denies violating the FCRA and denies any remaining allegations in Paragraph 52 of the Complaint.

**COMPLAINT ¶53:**

Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

**ANSWER:**

Five Diamond admits that the FCRA imposes certain reporting and investigation requirements and admits that it is aware of those obligations that apply to it. Five Diamond denies violating the FCRA. Five Diamond denies any remaining allegations in Paragraph 53 of the Complaint.

84769180v.2

**COMPLAINT ¶54:**

Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

**ANSWER:**

Five Diamond denies the allegations in Paragraph 54 of the Complaint.

**COMPLAINT ¶55:**

Defendant's violation of 15 U.S.C. § 1681e(a) was willful, rendering it liable pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

**ANSWER:**

Five Diamond denies the allegations in Paragraph 55 of the Complaint.

**COMPLAINT ¶56:**

As a result of this conduct by Defendant, Plaintiff suffered actual damages including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

**ANSWER:**

Five Diamond denies the allegations in Paragraph 56 of the Complaint.

**COMPLAINT ¶57:**

Additionally, Plaintiff is entitled to punitive damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, along with such other and further relief against Defendant as may be just and proper.

**ANSWER:**

Five Diamond denies the allegations in Paragraph 57 of the Complaint.

**THIRD CLAIM FOR RELIEF**

**(15 U.S.C. § 1681e(b))**

**COMPLAINT ¶58:**

Plaintiff realleges Paragraph Nos. 1-39 as if fully set forth herein.

84769180v.2

**ANSWER:**

Five Diamond restates its answers to Paragraphs 1 through 39 as its answer to Paragraph 58 of the Complaint.

**COMPLAINT ¶59:**

Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report furnished regarding Plaintiff.

**ANSWER:**

Five Diamond denies the allegations in Paragraph 59 of the Complaint.

**COMPLAINT ¶60:**

Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

**ANSWER:**

Five Diamond admits that the FCRA imposes certain reporting and investigation requirements and admits that it is aware of those obligations that apply to it. Five Diamond denies violating the FCRA. Five Diamond denies any remaining allegations in Paragraph 60 of the Complaint.

**COMPLAINT ¶61:**

Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

**ANSWER:**

Five Diamond admits that the FCRA imposes certain reporting and investigation requirements and admits that it is aware of those obligations that apply to it. Five Diamond denies violating the FCRA. Five Diamond denies any remaining allegations in Paragraph 61 of the Complaint.

84769180v.2

1

**COMPLAINT ¶62:**

2      Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

3

**ANSWER:**

4      Five Diamond denies the allegations in Paragraph 62 of the Complaint.

5

**COMPLAINT ¶63:**

6      Defendant's violation of the FCRA was willful, rendering it liable pursuant to 15 U.S.C. §

7  1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

8

9

**ANSWER:**

10      Five Diamond denies the allegations in Paragraph 63 of the Complaint.

11

**COMPLAINT ¶64:**

12      As a result of this conduct by Defendant, Plaintiff suffered actual damages including without limitation, by example only and as described herein on his behalf by counsel: loss of

13  employment, damage to reputation, humiliation and other emotional and mental distress.

14

**ANSWER:**

15

16      Five Diamond denies the allegations in Paragraph 64 of the Complaint.

17

**COMPLAINT ¶65:**

18      Additionally, Plaintiff is entitled to punitive damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, along with such other and further relief

19  against Defendant as may be just and proper.

20

**ANSWER:**

21      Five Diamond denies the allegations in Paragraph 65 of the Complaint.

22

**FOURTH CLAIM FOR RELIEF**

23

**(15 U.S.C. §1681k)**

24

25

**COMPLAINT ¶66:**

26      Plaintiff realleges Paragraph Nos. 1-39 as if fully set forth herein.

27

**ANSWER:**

28

- 18 -

Five Diamond restates its answers to Paragraphs 1 through 39 as its answer to Paragraph 66 of the Complaint.

**COMPLAINT ¶67:**

Section 1681k of the FCRA requires that when a consumer reporting agency supplies public record information to a user for employment, and such information is likely to have an adverse effect on employment, the CRA must:

> (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.

**ANSWER:**

Paragraph 67 consists of legal conclusions and a partial quotation of the cited statute and, therefore, no answer is required.  To the extent an answer is required, Five Diamond admits that Plaintiff has quoted a portion of the FCRA. Five Diamond denies that it violated the FCRA and denies any remaining allegations in Paragraph 67 of the Complaint.

**COMPLAINT ¶68:**

Defendant violated 15 U.S.C. § 1681k by failing to notify Plaintiff it was reporting public record information about him and failing to maintain strict procedures to ensure that the public record information it was reporting was complete and up to date.

**ANSWER:**

Five Diamond denies the allegations in Paragraph 68 of the Complaint.

**COMPLAINT ¶69:**

Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

84769180v.2

**ANSWER:**

Five Diamond admits that the FCRA imposes certain reporting and investigation requirements. Five Diamond denies violating the FCRA. Five Diamond denies any remaining allegations in Paragraph 69 of the Complaint.

**COMPLAINT ¶70:**

Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

**ANSWER:**

Five Diamond admits that the FCRA imposes certain reporting and investigation requirements and admits that it is aware of those obligations that apply to it. Five Diamond denies violating the FCRA. Five Diamond denies any remaining allegations in Paragraph 70 of the Complaint.

**COMPLAINT ¶71:**

Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

**ANSWER:**

Five Diamond denies the allegations in Paragraph 71 of the Complaint.

**COMPLAINT ¶72:**

Defendant's violation of the FCRA was willful, rendering it liable pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

**ANSWER:**

Five Diamond denies the allegations in Paragraph 72 of the Complaint.

**COMPLAINT ¶73:**

As a result of this conduct by Defendant, Plaintiff suffered actual damages including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

84769180v.2

**ANSWER:**

Five Diamond denies the allegations in Paragraph 73 of the Complaint.

**COMPLAINT ¶74:**

Additionally, Plaintiff is entitled to punitive damages, costs, and reasonable attorneys' fees, as provided by 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, along with such other and further relief against Defendant as may be just and proper.

**ANSWER:**

Five Diamond denies the allegations in Paragraph 74 of the Complaint.

## ANSWER TO PRAYER FOR RELIEF

Five Diamond denies that Plaintiff is entitled to any of the relief requested in the Complaint, and further denies that Plaintiff is entitled to any relief whatsoever.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

**ANSWER:**

Five Diamond admits that Plaintiff demands a trial by jury.  Five Diamond denies that Plaintiff is entitled to a trial by jury.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Five Diamond asserts the following affirmative and other defenses to the Complaint, and reserves its rights to raise additional defenses as may be discovered during the course of these proceedings:

## FIRST DEFENSE

To the extent that Plaintiff has failed to mitigate his alleged damages, his recovery, if any, must be reduced accordingly.

## SECOND DEFENSE

Any damages sustained by Plaintiff were not proximately caused by Five Diamond.

84769180v.2

**THIRD DEFENSE**

Plaintiff is not entitled to punitive damages because Five Diamond made good faith efforts to comply with the FCRA and its reading of its obligations under the FCRA is objectively reasonable.

**FOURTH DEFENSE**

Five Diamond followed reasonable procedures to assure maximum possible accuracy in the information concerning Plaintiff in any consumer report relating to him.

**FIFTH DEFENSE**

Five Diamond maintained strict procedures to insure that reported public record information regarding Plaintiff was complete and up to date.

**SIXTH DEFENSE**

Five Diamond separately complied with 15 U.S.C. § 1681k(a) by sending Plaintiff contemporaneous notice that it was reporting public record information about him.

DATED: August 4, 2022

Respectfully submitted,

BAUMAN LOEWE WITT
& MAXWELL, PLLC

By: */s/ Michael C. Mills*
Michael C. Mills
Nevada Bar No. 3534
Bauman Loewe Witt & Maxwell, PLLC
3650 N. Rancho Dr., Suite #114
Las Vegas, NV 89130
Tel: (702) 240-6060
Fax: (702) 240-4267

*Counsel for Defendant*
*Five Diamond Screening, LLC*

- 22 -

84769180v.2

1

## **CERTIFICATE OF SERVICE**

2

3        I hereby certify that on August 4, 2022, I presented the foregoing FIVE DIAMOND

4    SCREENING, LLC'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO

    PLAINTIFF'S COMPLAINT with the Clerk of the Court using the CM/ECF system, which will
5
    send notification of such filing to all counsel of record. Additionally, this document has been served
6
    via U.S. Mail and email to Plaintiff at the following addresses:
7

8        Russell T. Perry, Jr.
         6825 S. 137th Plaza #613
9        Omaha, NE 68137
         Russellperry402@gmail.com
10       *Pro Se Plaintiff*

11

12                                         By:  */s/  Michael C. Mills*
13                                              Michael C. Mills
                                                *Attorney for Defendant*
14                                              *Five Diamond Screening, LLC*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 23 -

84769180v.2